CHARLES CROOKER & *al. versus* CHARLES PENDLETON.

Grants, not now to be found, may be presumed to have existed from mere
lapse of time, as well against the State as against individuals.

It would seem, however, that a presumption of a grant might not avail against
a State so readily as against an individual.   Against the State, no precise
number of years appears to have been fixed, as a rule in all cases; but a
much shorter period, accompanied with circumstances tending to fortify
the presumption of an ancient grant, will suffice to establish it, than would
otherwise be requisite.

WRIT of entry demanding an island in Penobscot Bay,
called Job's island.   The demandants claimed under a release
procured from the Land Agents of Massachusetts and Maine,
dated Dec. 20, 1829.   The tenant traced his title from Job
Pendleton, who purchased the island of William Pendleton
about 1765, before called " Little Long Island," and in that

year erected a house thereon; and he and those deriving title from him have lived thereon ever since, claiming to be the sole owners thereof. There was testimony that an ancient and large paper, under seal, conveying this island to the Pendletons, was seen in an old chest, formerly belonging to Job Pendleton, with other papers, over thirty years before the trial, and that the papers have been since lost. There was also evidence that Job Pendleton had stated that he had a grant of the island. There was much testimony on the trial.

SHEPLEY J. presiding at the trial, stated that in his opinion, the jury would be authorized, upon the deeds and testimony in the case, to infer or presume, that Job Pendleton had derived title by grant from the sovereign power, or from some person or persons to whom the same had been granted from the sovereign power. It was then agreed by the parties, that the case should be submitted upon the evidence for the opinion of the Court, who should enter a nonsuit or default, as their opinion might be.

_Crosby_, for the demandants, contended that there were no facts upon which a jury would be authorized to infer that Job Pendleton or the other Pendletons ever had any title from the government. He purchased of the other Pendletons, and there is nothing which goes to render it even probable that he had title from any other source. Nor is there any pretence that the other Pendletons had any. Prior to 1765, the government never granted lands by deed, but by resolves only. If there had been any resolve in their favor it might have been easily found. It has never been decided in this country, as far as his research extended, that mere possession for any length of time could give title against the State or sovereign. And no English cases have been found, which permit a presumption of a grant from the government by possession for such length of time as is here shown.

_Ruggles_ and _C. R. Porter_ argued for the tenant, and contended, that there was sufficient evidence to justify a jury in inferring that there was an actual grant from the government, which had been lost by time and accident.

They also contended, that a grant might be presumed from the government from the long, exclusive and uninterrupted possession of the tenant and those under whom he shows title, although no grant had been seen, and no traces of it could be discovered. They cited, with commentaries on some of them, the following authorities. 5 Taunt. 326; 7 Wheat. 109; 2 Stark. Ev. (Ed. in 2 vols.) 663; Cowp. 215; 3 T. R. 159; 12 Co. R. 4; 11 East, 279 and 487; Math. on Pres. Ev. 195; 2 Hen. and Mun. 381; 10 Johns. R. 377; 1 T. R. 399; 3 Serg. & R. 590; 3 Dane, 608; 5 Cranch, 262; 7 Johns. R. 5; Greenl. Ev. 50.

The opinion of the Court was drawn up by

Whitman C. J. — This is a writ of entry, brought to recover possession of an island in Penobscot Bay, called Job's Island. The plaintiff's claim is under a deed of release from the States of Massachusetts and Maine, made by their agents, on the twentieth of December, 1829. The defence set up by the defendant is, that he and his ancestors, under whom he derives title, have been in the peaceable and uninterrupted possession of the premises demanded ever since 1766; at which time he alleges that his great grandfather, Job Pendleton, under a grant which has been lost by time and accident, from the then colonial government of Massachusetts, had entered and became possessed thereof. Evidence was introduced at the trial, strongly tending to establish the presumption of such a grant; and as the Judge presiding intimated an opinion, that in connexion with the lapse of time, a presumption would be authorized, that a grant had been made, the parties agreed, if such should be the opinion of the whole Court, that judgment should be entered for the defendant; otherwise that a new trial should be ordered.

It is believed to be well settled, at this day, that grants, not now to be found, may be presumed to have existed, from mere lapse of time, as well against the State, as against individuals. Greenl. on Ev. 50, and cases there cited. Against the State, however, it may be, that they would not so readily be presum-

ed from mere lapse of time. But a much shorter period, accompanied with circumstances tending to fortify the presumption, will suffice to establish it, than would otherwise be requisite. In this case the facts proved do strongly tend to fortify the presumption of an ancient grant to Job Pendleton; or to those of whom he purchased. It is not essential that it should appear, beyond a doubt, that a grant had been made. The presumption may be deemed one rather of law than of fact, although it is usual to refer it to the jury to make the inference. The object is to quiet ancient possessions, and to promote repose, after such a lapse of time, as that it may well be deemed difficult, if not impossible, to prove the existence of a regular grant. *Jackson* v. *McCall*, 10 Johns. R. 377. The presumption is bottomed upon the same principle as the statute of limitations, and is analogous to it; and the length of time necessary to establish it is often referred to the limitations prescribed in that statute. If this were a claim under individual grants the plaintiffs, by that statute, would have been barred long ago. But as the plaintiffs set up a claim under the States of Massachusetts and Maine, against whom the statute is supposed not to run, and especially against the latter; they contend, that they are not barred by any lapse of time, running against them; and so that they have a right to recover. And there may be good reasons why a presumption should not avail against a State, so readily as against an individual. The State cannot be so much upon the alert to look out for its interests, as would be expected of individuals. Individuals therefore, would be barred in twenty years, without corroborating circumstances. In this case more than sixty years had elapsed; and strong circumstances, tending to render it probable, that a grant had been originally made, are established. We cannot think it unreasonable, therefore, that the defendant should remain unmolested against such a dormant title. In *Jackson* v. *McCall*, before cited, after the existence of a similar possession for forty-one years, it was held, that a grant from the State might be presumed. The corroborating circumstances in that case were not more cogent than in this. In Pennsylvania a mere naked

possession for 90 years was holden sufficient. *Mather* v. *Trinty Church*, 3 S. & R. 590. In *Goodtitle* v. *Baldwin*, 11 East, 480, in which there had been a possession of fifty-five years duration; and in which a nonsuit had been entered, from a supposed impossibility of presuming any title, which could have been derived from the crown, the court granted a new trial : Lord Ellenborough remarking, that, " with respect to the general impossibility of presuming a grant against the crown, the courts were in the daily habit of presuming grants from the crown, as of markets and the like. We are therefore clearly of opinion that judgment should be entered for the defendant.